KANAR *v.* SCHUSTER.

SPECIFIC PERFORMANCE — EXCHANGE OF PROPERTY — FRAUD—CANCELLATION OF INSTRUMENTS.

 In a suit for the specific performance of a contract for an exchange of property between plaintiff and defendant, and to regain possession of an unrecorded deed given plaintiff by defendant, material representations by plaintiff that the store building defendant was to get was occupied and a revenue producer, and that the mortgagee was in no hurry for payment of the principal, whereas the proofs show the building was unoccupied and the mortgagee was pressing for payment, *held,* sufficient to sustain a decree for defendant on her cross-bill asking for the cancellation of the contract and deed on the ground of fraud.

Appeal from Wayne; Mandell (Henry A.), J. Submitted January 23, 1923. (Docket No. 28.) Decided March 22, 1923.

Bill by Andrew Kanar against Elizabeth Schuster and another for specific performance of a contract for the exchange of real property. Defendant Schuster filed a cross-bill to set aside said contract for fraud. From a decree for defendant Schuster, plaintiff appeals. Affirmed.

*John McNeil Burns* (*Arthur P. Hicks,* of counsel), for plaintiff.

*McIntyre & Robinson,* for defendant Schuster.

WIEST, C. J. Plaintiff filed the bill herein for specific performance of a contract for exchange of properties between himself and defendant Elizabeth Schuster, and to regain possession of an unrecorded deed given him by Elizabeth Schuster and obtained by

On right to rely upon representations made to effect contract as basis of a charge of fraud, see note in 37 L. R. A. 593.

her without his consent from the office of the register of deeds of Wayne county, where it had been left to be recorded. By answer in the nature of a cross-bill defendant Schuster asked to have the contract and the deed in question set aside for fraud. At the hearing defendant Schuster prevailed and plaintiff is here by appeal. Defendant Clara Coral was a lessee of the Schuster premises and has no interest in the litigation. In the course of the opinion Elizabeth Schuster will be considered the sole defendant.

Defendant is a native of Austria-Hungary, is a midwife by profession and has been in this country since about 1910. Plaintiff came from Poland to this country in 1906. Plaintiff owned certain store premises in the village of Richmond, Macomb county, upon which there were two mortgages aggregating $3,000. He had sold the premises to Martin Kanar, his brother, on land contract, and Kanar had assigned the contract to Stanley Komasara. Defendant owned a house and lot in the village of Hamtramck, Wayne county. June 26, 1919, by written agreement, the parties stipulated for the exchange of their properties; plaintiff to deed defendant the Richmond property, subject to the mortgages and land contract and pay $300, and defendant to deed plaintiff the Hamtramck property, with all fixtures and furniture in the house, subject to the lease to Clara Coral and a mortgage of $3,175, to be assumed by plaintiff. A few days before this contract was made defendant had listed her property with Walter Halicki, a real estate broker, and expressed the desire to exchange for country property on account of the physical condition of her husband. Very soon after the listing Mr. Halicki brought the parties together, and the agreement mentioned was prepared by him. In this agreement Mr. Halicki was to receive a commission from both parties. Defendant claims she was induced to enter into the agree-

ment and to subsequently deed her property to plaintiff by false and fraudulent representations made to her by defendant and by Mr. Halicki, with reference to the Richmond property.

At the time the agreement was made on June 26, 1919, and when they passed deeds on July 11, 1919, defendant had never seen the property in Richmond, and had no information about it except as given her by the plaintiff and Mr. Halicki. The claimed false and fraudulent representations made by Mr. Halicki were made in the presence of defendant and plaintiff made the same representations.

This is one of the cases where the trial judge had the decided advantage of seeing the witnesses. It is inconceivable that defendant would have traded her home for the Richmond property without seeing such property unless it was pictured to her by plaintiff. She claims it was described to her as a large brick store on the main street, having an elevator and steam heat, and occupied on one side by a hardware store, paying $140 rent each month; that it was sold on land contract requiring the vendee to pay $75 per month and interest, and the vendee had paid a substantial amount upon such contract; that there were two mortgages on the property amounting to the sum of $3,000, but they were held by a party who cared only for the interest and was in no hurry for the principal. Plaintiff denies most of the claimed representations but was forced to admit enough thereof to seriously weaken his denial of the others. The evidence shows that the store is not on the main street, was not occupied as a hardware store, and, in fact, had not been occupied as a store for from three to five years. It had no steam heat, and the elevator was a hand-operated contrivance. The property was under contract of sale but the purchaser on land contract, finding the same wholly unproductive, was anxious to pass

the burden to some one else. The two mortgages were held by a Mrs. Canfield of Mt. Clemens and long past due, and plaintiff had been threatened with foreclosure months before.

We are of the opinion that plaintiff represented to defendant that the store was occupied and, therefore, a revenue producer, and the holder of the mortgages was in no hurry for payment. These were material representations, for defendant was exchanging all the property she had for this property in Richmond and plaintiff knew she could not obtain any immediate revenue from the property and could not meet the mortgages, long due and pressed for payment. It is clear that had plaintiff informed defendant of the truth about the matters mentioned there would have been no deal made. Plaintiff seeks to parry the effect of his representations by the claim that defendant stated she did not care about the store building because she was only purchasing his equity in the land contract with Komasara. It does not help plaintiff to attempt to show defendant such an ignoramus as this would indicate.

Neither does this claim square with the representations he made in answer to her inquiries about the store, nor explain why he told her the store building would be worth $60,000 if in Detroit. The store was well characterized by a witness from Richmond as a "white elephant."

We pass the question of Mr. Halicki's double agency, and rest our decision upon the representations made by the plaintiff. We have read the record with care and we are persuaded that the learned circuit judge reached the right conclusion.

The decree is affirmed, with costs to defendant Elizabeth Schuster.

FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.